**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS TERRILL,

        Petitioner–Appellant,

        v.

JAMES RUDEK,

        Respondent–Appellee.

No. 12-7000

(D.C. No. 09-CV-00193-JHP-KEW)

(E.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **McKAY**, and **HOLMES**, Circuit Judges.

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. In the state court proceedings, Petitioner was convicted of manslaughter and sentenced to twenty-nine years' imprisonment. He filed an appeal with the Oklahoma Court of Criminal Appeals in which he argued, inter alia, that he received ineffective assistance of counsel at sentencing and that "the trial court's erroneous decisions [at sentencing] were an abuse of discretion which denied Mr. Terrill's right to due process and a fair []sentencing hearing under the Fifth and Fourteenth Amendments to the United States Constitution." (R. at

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

56.) The Oklahoma Court of Criminal Appeals rejected these arguments and affirmed the conviction and twenty-nine-year sentence.[1]

Petitioner then filed the instant habeas petition, in which he again raised claims of ineffective assistance and trial court errors in the sentencing proceeding. The district court denied the petition, holding that the Oklahoma Court of Criminal Appeals' rejection of Petitioner's ineffective assistance claim was not contrary to or an unreasonable application of clearly established federal law and that Petitioner's claims of error in the sentencing proceeding did not state a valid federal claim for relief. *See Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000) ("[C]hallenges to [the state trial court's sentencing] decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law.").

In his request for a certificate of appealability, Petitioner argues the district court erroneously treated Petitioner's sentencing claim as a matter of state law and failed to consider his constitutional due process arguments. We have thoroughly considered Petitioner's due process arguments and conclude that reasonable jurists would not debate the district court's determination that there was no constitutionally cognizable error in the sentencing proceeding. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We likewise conclude that reasonable jurists would not debate the district court's resolution of Petitioner's ineffective assistance claim. Therefore, for substantially the same reasons

---

[1] The Oklahoma Court of Criminal Appeals vacated the trial court's sentence of $500,000 in restitution, holding that this sentence was arbitrary and had not been determined with reasonable certainty.

given by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.  Petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge